# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MAXIMUS EDUCATION, LLC, <br><br> Defendant. | Civil Case No.: 2:25-CV-14992 <br><br> **NOTICE OF REMOVAL** |

Defendant Maximus Education, LLC d/b/a Aidvantage (pleaded as "Maximus Education, LLC") ("Aidvantage"), by and through its counsel, Husch Blackwell LLP, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Union County, Law Division, Special Civil Part, Small Claims Section, pursuant to 28 U.S.C. § 1331, 1441, and 1446.

1. On or about August 7, 2025, Plaintiff David Johnson ("Plaintiff") commenced this action against Aidvantage by filing a Complaint in Superior Court of New Jersey, Union County, Special Civil Part, Small Claims Section, Docket No.: UNN-SC-557-25. This matter is captioned *Johnson v. Maximus Education, LLC*. True and correct copies of the following documents are attached hereto as Exhibit A: the docket sheet, Summons, Complaint, and all remaining documents.

2. Aidvantage was served with the Complaint on August 15, 2025.

3. Aidvantage is filing this notice within thirty (30) days of receipt of the Complaint as allowed by 28 U.S.C. § 1446(b).

4. Plaintiff asserts claims against Aidvantage under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* arising from its alleged inaccurate credit reporting.

5. Pursuant to 28 U.S.C. § 1331, the United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are governed by the FCRA, which is a federal law enacted by Congress.

7. Based on the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 because it arises under federal law.

8. Pursuant to 28 U.S.C. § 1441(a), this case is appropriately removable to federal court.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of New Jersey, Law Division, Special Civil Part, simultaneously with the filing in this Court.

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served upon Plaintiff.

11. This Notice of Removal is filed subject to and without waiver of any rights Aidvantage may have with respect to Plaintiff's claims.

**WHEREFORE**, Aidvantage respectfully requests that this matter be removed from the Superior Court of New Jersey, Union County, Law Division, Special Civil Part, Small Claims Section, Docket No. UNN-SC-557-25.

    Respectfully submitted,

    **HUSCH BLACKWELL LLP**

    */s/ Rebecca R. Starner*
    Rebecca R. Starner, Esq.
    1801 Pennsylvania Avenue, NW
    Suite 1000
    Washington, D.C. 20006-3606
    Tel: 202-378-2341
    Fax: 202-378-2319
    Rebecca.Starner@huschblackwell.com

    *Attorneys for Defendant*

Dated: August 28, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing Notice of Removal on the following via electronic mail, certified and regular mail:

David Johnson
536 Paul Street
Hillside, NJ 07205
973davidjohnson@gmail.com
*Pro Se Plaintiff*

**HUSCH BLACKWELL LLP**

*/s/ Rebecca R. Starner*
Rebecca R. Starner

Dated: August 28, 2025